1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11     DARCIE L. SCHREPEL,                          No.  2:20-cv-01996 AC

12                    Plaintiff,

13            v.                                     <u>ORDER</u>

14     KILOLO KIJAKAZI, Acting
       Commissioner of Social Security,
15
                      Defendant.
16

17

18         Plaintiff sought judicial review of a final decision of the Commissioner of Social Security

19   ("Commissioner"), denying her application for a period of disability and disability insurance

20   benefits ("DIB") benefits under Title II of the Social Security Act ("the Act").  On February 1,

21   2022, the court granted plaintiff's motion for summary judgment and reversed and remanded the

22   action to the Commissioner.  ECF No. 23.

23         Now pending before the court is plaintiff's April 12, 2023 motion for an award of

24   attorney's fees pursuant to 42 U.S.C. § 406(b).  ECF No. 27.  Defendant filed a response (ECF

25   No. 28) and plaintiff filed a reply (ECF No. 29).  For the reasons set forth below, the motion will

26   be granted.

27                           I.  REASONABLENESS OF FEE REQUEST

28         At the outset of the representation, plaintiff and his counsel entered into a contingent-fee

                                                  1

1  agreement.  ECF No. 27-4.  Pursuant to that agreement plaintiff's counsel now seeks attorney's

2  fees in the net amount of $19,765.50 which represents 25% of the retroactive disability benefits

3  received by plaintiff on remand, for 24.25 hours of attorney time expended on this matter.  ECF

4  Nos. 27-1 at 2, 27-4 at 1.

5       Attorneys are entitled to fees for cases in which they have successfully represented social

6  security claimants:

7          Whenever a court renders a judgment favorable to a claimant under
           this subchapter who was represented before the court by an attorney,
8          the court may determine and allow as part of its judgment a
           reasonable fee for such representation, not in excess of 25 percent of
9          the total of the past-due benefits to which the claimant is entitled by
           reason of such judgment, and the Commissioner of Social Security
10         may . . . certify the amount of such fee for payment to such attorney
           out of, and not in addition to, the amount of such past-due benefits.
11

12 42 U.S.C. § 406(b)(1)(A).  "In contrast to fees awarded under fee-shifting provisions such as 42

13 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing

14 party is not responsible for payment."  Crawford v. Astrue, 586 F.3d 1142, 1147 (9th Cir. 2009)

15 (en banc) (citing Gisbrecht v. Barnhart, 535 U.S. 789, 802 (2002)).  The goal of fee awards under

16 § 406(b) is "'to protect claimants against "inordinately large fees" and also to ensure that

17 attorneys representing successful claimants would not risk "nonpayment of [appropriate] fees."'"

18 Parrish v. Comm'r of Soc. Sec. Admin., 698 F.3d 1215, 1217 (9th Cir. 2012) (quoting Gisbrecht,

19 535 U.S. at 805).

20       The 25% statutory maximum fee is not an automatic entitlement, and the court must

21 ensure that the fee requested is reasonable.  Gisbrecht, 535 U.S. at 808-09 ("406(b) does not

22 displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts

23 to review for reasonableness fees yielded by those agreements").  "Within the 25 percent

24 boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable

25 for the services rendered."  Id. at 807.  "[A] district court charged with determining a reasonable

26 fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee

27 arrangements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'"

28 Crawford, 586 F.3d at 1149 (quoting Gisbrecht, 535 U.S. at 793, 808).

1    In determining whether the requested fee is reasonable, the court considers "'the character

2  of the representation and the results achieved by the representative.'"  Crawford, 586 F.3d at 1151

3  (quoting Gisbrecht, 535 U.S. at 808).  In determining whether a reduction in the fee is warranted,

4  the court considers whether the attorney provided "substandard representation or delayed the

5  case," or obtained "benefits that are not in proportion to the time spent on the case."  Id.  Finally,

6  the court considers the attorney's record of hours worked and counsel's regular hourly billing

7  charge for non-contingent cases.  Crawford, 586 F.3d at 1151-52 (citing Gisbrecht, 535 U.S. at

8  808); see also, E.D. Cal. R. 293(c)(1) (in fixing attorney's fees the court considers "the time and

9  labor required").  Below, the court will consider these factors in assessing whether the fee

10  requested by counsel in this case pursuant to 42 U.S.C. § 406(b) is reasonable.

11    Here, plaintiff's counsel is an experienced attorney who secured a successful result for

12  plaintiff.  There is no indication that a reduction of fees is warranted due to any substandard

13  performance by counsel.  There is also no evidence that plaintiff's counsel engaged in any

14  dilatory conduct resulting in excessive delay.  The court finds that the $19,765.50 fee, which does

15  not exceed 25% of the amount paid in past-due benefits paid to plaintiff, is not excessive in

16  relation to the benefits awarded.  In making this determination, the court recognizes the

17  contingent fee nature of this case and counsel's assumption of the risk of going uncompensated in

18  agreeing to represent plaintiff on such terms.  See Crawford, 586 F.3d at 1152 ("[t]he attorneys

19  assumed significant risk in accepting these cases, including the risk that no benefits would be

20  awarded or that there would be a long court or administrative delay in resolving the cases").

21  Finally, counsel has submitted a detailed billing statement in support of the requested fee.  ECF

22  No. 27-5.

23    Accordingly, for the reasons stated above, the court concludes that the fees sought by

24  counsel pursuant to § 406(b) are reasonable.

25                                    II.  OFFSET FOR EAJA FEES

26    An award of § 406(b) fees must be offset by any prior award of attorney's fees granted

27  under the Equal Access to Justice Act ("EAJA").  28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796.

28  Here, plaintiff's attorney acknowledges he was previously awarded $5,323.75in EAJA fees and

1  expressly states his intent to reimburse plaintiff this amount.  ECF No. 29 at 1.

2         Accordingly, IT IS HEREBY ORDERED that:

3         1.  Plaintiff's Motion for attorney Fees under 42 U.S.C. § 406(b) (ECF No. 27), is

4  GRANTED;

5         2.  Counsel for plaintiff is awarded $19,765.50 in attorney's fees under § 406(b); the

6  Commissioner shall certify that amount to be paid to counsel from the funds previously withheld

7  for the payment of such fees; and

8         3.  Counsel for plaintiff is directed to remit to plaintiff the amount of $5,323.75 for EAJA

9  fees previously paid to counsel by the Commissioner.

10  DATED: May 5, 2023

11

12                                        ALLISON CLAIRE
                                          UNITED STATES MAGISTRATE JUDGE
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28